**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41151
Summary Calendar
_____

SANDRA MARLOWE,

Plaintiff-Appellant,

versus

SBC PENSION PLAN,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CV-111
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Sandra Marlowe appeals the district court's order granting the motion for summary judgment filed by the SBC Pension Plan ("Plan"), the plan administrator for her former employer, SBC Communications, Inc. ("SBC"), in Marlowe's action under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1101 et seq. Marlowe contends that the Plan erred in denying her enhanced pension benefits under the SBC Enhanced Pension and Retirement Program ("EPR Program"), when it determined that, under the EPR Program's language, she had been "assigned full

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time to projects" for wireless-affiliated companies as of September 7, 2000. She argues that the record establishes that she continued to perform non-wireless payroll work for SBC following that date.

The standard of review following the district court's order granting summary judgment is <u>de</u> <u>novo</u>. <u>Whittaker v. BellSouth Telecommunications, Inc.</u>, 206 F.3d 532, 534 (5th Cir. 2000); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). A denial of ERISA benefits by a plan administrator that is vested with the authority to make a final and conclusive determination of claims is reviewed for abuse of discretion. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989); <u>Meditrust Financial Servs. Corp. v. Sterling Chem., Inc.</u>, 168 F.3d 211, 213 (5th Cir. 1999).

The EPR Program granted SBC's Benefit Plan Committee ("BPC") "full and exclusive authority and discretion to grant and deny claims for benefits" under the Program, "including the power to interpret the EPR Program and determine the eligibility of any individual to receive benefits pursuant to the EPR Program." The EPR Program excluded from eligibility employees who, as of September 7, 2000, had been "assigned full time to projects" for wireless entities affiliated with SBC, and such status was to be "determined by such Eligible Employee's Participating Company." In denying Marlowe EPR Program benefits, the BPC determined that Marlowe had been "assigned full time to projects" for wireless entities as of September 7, 2000, because Marlowe's Participating Company had determined that she was "Wireless-dedicated" as of that time, regardless of the fact that Marlowe was still

performing some non-wireless payroll work after that time. Contrary to Marlowe's contention, the phrase "assigned full time to projects" was not "unambiguous" within the context of the EPR Program, and a de novo standard is not applicable. The abuse-of-discretion standard applies. We have reviewed the record and briefs submitted by the parties and conclude that the BPC did not abuse its discretion in determining that Marlowe had been "assigned full time to projects" for non-wireless entities as of September 7, 2000. The record reflects that in May 2000 Marlowe, along with approximately 1500 other SBC employees, was placed on a list of employees who were being designated as "work[ing] solely on behalf of the wireless entities that are currently being paid by a non-wireless entity." It is not disputed that these employees were effectively being deemed essential to an SBC joint venture that would ultimately result in the formation of Cingular Wireless. A review of the EPR Program reflects and other evidence in the record shows that, in the context of these events, the BPC's interpretation of the phrase "assigned full time" was "legally correct" and was not an "abuse of discretion." See MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 481 (5th Cir. 2003); Gosselink v. American Tel. & Tel., Inc., 272 F.3d 722, 726 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.